# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David Johnson,

    Petitioner,

v.

John King,

    Respondent.

Civil No. 08-6064 (RHK/JJG)

**REPORT AND RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

Petitioner David Johnson brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the undersigned United States Magistrate Judge on Petitioner's request to stay so that he may file a post-conviction petition in state court (Doc. No. 16). For the reasons set forth below, the Court recommends that the request for a stay be denied, but that the case be dismissed without prejudice.

## I. BACKGROUND

### A. The State Court Proceedings

In June 2004, Petitioner was convicted by a jury of aiding and abetting kidnapping and with aiding and abetting attempted first-degree murder. *See State v. Johnson*, No. A05-1028, 2006 WL 2347795, at *1 (Minn. Ct. App. Aug. 8, 2006). The trial court empanelled a separate sentencing jury, which found three aggravating factors relating to both offenses. *See id.* The court departed upward from the presumptive guidelines sentences and imposed consecutive 240-month terms of imprisonment. *See id.* The sentencing calculation included two criminal history points assessed for an Illinois burglary conviction and Petitioner's probation status. *See id.* at

*18.

Petitioner appealed his conviction and sentence to the Minnesota Court of Appeals, alleging the following points of error by the trial court: (1) denial of the right to a speedy trial; (2) refusing to appoint substitute counsel and accepting Petitioner's waiver of counsel; (3) prohibiting Petitioner from calling an alibi witness; (4) sustaining the State's objections to Petitioner's closing argument and overruling Petitioner's objections to the State's closing argument; (5) misstating the law in response to a jury question; (6) empanelling the sentencing jury; (7) relying on aggravating factors found by the sentencing jury to depart upward from the presumptive guidelines sentences; and (8) assigning criminal history points at sentencing for Petitioner's Illinois burglary conviction and probation status. Petitioner also alleged prosecutorial misconduct. *Id.* at *1. The Minnesota Court of Appeals affirmed the trial court on all points but one. The appellate court determined that the Illinois burglary conviction and probation status had not been adequately proved, and it remanded the case for resentencing with instructions to redact those criminal history points from the sentencing calculation. *Id.* at *19. The Minnesota Supreme Court denied review on December 13, 2006.

The trial court resentenced Petitioner on May 2, 2007, again imposing 240-month consecutive sentences. *See State v. Johnson*, No. A07-1480, 2008 WL 2966825, at *1 (Minn. Ct. App. Oct. 1, 2008). The court omitted Petitioner's Illinois criminal record from its consideration, but departed upward based on the aggravating factors found by the sentencing jury. *See id.* at *2. Petitioner appealed the new sentence, and the Minnesota Court of Appeals affirmed on August 5, 2008. *Id.* at *1. The Minnesota Supreme Court denied review on October 1, 2008.

**B.      Petitioner's First Federal Habeas Petition**

After the Minnesota Supreme Court denied review of Petitioner's first direct appeal, but

2

before Petitioner was resentenced by the trial court, Petitioner filed a § 2254 petition in federal court. *Johnson v. Dingle*, Civ. No. 07-4793 (RHK/JJG) (D. Minn. filed Dec. 10, 2007). He raised the same issues he had raised on his first direct appeal, except for the sentencing issue on which he had prevailed. *Id.* (Report & Recommendation ("R&R") at 2, July 3, 2008). Petitioner moved to stay the petition a week after filing it, pending the outcome of a post-conviction petition he intended to file in state court. *Id.* (R&R at 2). Respondent Lynn Dingle opposed the stay, contending that dismissal without prejudice was more appropriate. *Id.* (R&R at 2-3).

This Court recommended that the petition be dismissed without prejudice because the Court could not discern on the record before it whether the prospective post-conviction petition would include issues in the habeas petition, and thus, consideration of the habeas petition was premature. *Id.* (R&R at 4). The Court explained that Petitioner would not lose his right to petition for habeas relief because the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A) would not begin to run until both his conviction and sentence became final by the conclusion of direct review. *Id.* (R&R at 5) (citing *Burton v. Stewart*, 549 U.S. 147 (2007)). Specifically, because Petitioner's direct appeal of his resentencing was pending, the state court judgment was not yet final for the purpose of applying § 2244(d)(1)(A)'s one-year clock. *Id.* (R&R at 5). Respondent Dingle did not object to any of the R&R's findings or conclusions, and the Honorable Richard H. Kyle, United States District Judge, adopted the R&R and dismissed the petition without prejudice. *Id.* (Order at 1, July 23, 2008).

### C. Petitioner's Second Federal Habeas Petition

Less than two months after the Minnesota Supreme Court denied review of Petitioner's second direct appeal, Petitioner filed the instant petition on November 18, 2008, raising essentially the same claims as the first petition, as well as challenging the trial court's reliance on

3

aggravating factors to depart upward at resentencing. The Court ordered Respondent John King to file an answer to the petition, which he did on January 5, 2009. Respondent King asserted that all claims except the resentencing claim were barred by § 2244(d)(1)(A)'s statute of limitations, and alternatively, that all claims failed on the merits. Respondent King did not mention the first federal habeas proceeding.

On April 28, 2009, Petitioner filed a request to stay this proceeding so that he may file a post-conviction petition with the trial court. Petitioner claims he has newly discovered evidence of his innocence and of prosecutorial misconduct. Respondent King did not respond to the request.

## II. DISCUSSION

### A. The Present Habeas Petition Is Timely

The Antiterrorism and Effective Death Penalty Act ("AEDPA") instituted a one-year limitations period in which a state prisoner may petition a federal court for habeas relief. 28 U.S.C. § 2244(d)(1). That time period begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Section 2244(d)(1)(A) is applicable here. Petitioner's one-year clock did not begin

running until both his conviction *and* sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937) (*quoted in Burton*, 549 U.S. at 156). *Burton* effectively held that the "AEDPA statute of limitations did not begin running until the expiration of direct review on [the petitioner's] resentencing." *O'Meara v. Feneis*, No. 07-1428 (DWF/JJG), 2009 WL 515887, at *7 (D. Minn. Mar. 2, 2009) (citing *Burton*, 549 U.S. at 156-57). In *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998), the Eighth Circuit unequivocally stated that the limitations period begins running when *all* direct appeals are concluded.

> [T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of *all* direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of *all* direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Id.* at 348 (emphases added).[1]

The Minnesota Supreme Court denied review of Petitioner's second direct appeal on October 1, 2008. That is the date on which all of Petitioner's direct appeals were concluded. Petitioner did not seek a writ of certiorari from the United States Supreme Court, and the time for seeking such review expired ninety days after the Minnesota Supreme Court entered judgment. *See* Sup. Ct. R. 13.1; *see also Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). Thus,

---

[1] Despite *Smith*'s clear guidance, Respondent King argues that Petitioner should have filed a federal habeas petition on eight of his claims within a year of March 13, 2007, and a second federal habeas petition on his resentencing claims within a year of January 1, 2009. Such piecemeal litigation is strongly disfavored in habeas cases. *See Burton*, 549 U.S. at 154. Furthermore, if Petitioner had proceeded as Respondent King suggests, he could have faced a significant hurdle in attempting to bring a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(2).

Petitioner's one-year period in which to seek federal habeas review began on January 1, 2009. His petition, filed on November 18, 2008, before the limitations period had even begun to run, was timely.

This conclusion should come as no surprise to Respondent King. In recommending dismissal of Petitioner's first habeas petition without prejudice, rather than granting the stay Petitioner had requested, this Court explained to the parties that a stay was unnecessary because Petitioner's one-year clock would not begin running until both his conviction and his sentence became final at the conclusion of direct review. As the Court further explained, because Petitioner's second direct appeal of his sentence was still pending, the state court judgment was not yet final for the purpose of triggering the one-year limitations period.

Granted, the Respondents in the two habeas proceedings are different individuals, but they are both represented by the Hennepin County Attorney's Office. Indeed, that office took the position in the first habeas proceeding that "Petitioner's conviction and sentence are still pending on direct appeal." *Johnson v. Dingle*, Civ. No. 07-4793 (Resp't's Resp. to Motion for Stay at 1, June 25, 2008). And further, "[u]ntil this matter is final upon direct appeal, . . . a petition for habeas corpus relief is not properly before this Court. *Id.* (Resp't's Resp. to Motion for Stay at 2). It seems a bit disingenuous to have argued in June 2008 that the claims in the first habeas petition were premature, but to argue in January 2009—seven months later—that eight of those claims are barred by AEDPA's statute of limitations (Resp't's Mem. at 5, Jan. 5. 2009).

To alleviate any future uncertainty, the Court now explicitly finds that Petitioner's one-year clock for federal habeas review began running on January 1, 2009. This finding is consistent with this Court's July 3, 2008 R&R, to which Respondent Dingle did not object, and which was adopted by the District Court. This finding is also consistent with Respondent

6

Dingle's position as argued by the Hennepin County Attorney's Office, which now represents Respondent King. Most importantly, this finding is supported by *Burton*, 549 U.S. at 156-57, and *Smith*, 159 F.3d at 348.

### B. Petitioner's Request for a Stay

Petitioner has asked to stay this case so that he may file a post-conviction petition in state court. It appears there would be no procedural bar to his seeking such relief. Petitioner intends to claim that he is actually innocent and that the prosecutor engaged in misconduct. These are permissible claims under Minnesota's post-conviction relief statute *See* Minn. Stat. § 590.01, subd. 1(1). Petitioner explains he will base his claims on newly discovered evidence, which would satisfy the post-conviction relief statute's time limit provision. *See id.* § 590.01, subd. 4(b)(2).

Presumably, Petitioner wants to stay this case pending the outcome of the post-conviction proceeding because if this case is decided on the merits, he risks losing the opportunity to challenge the outcome of the post-conviction proceeding in a later federal habeas petition. *See* 28 U.S.C. § 2244(b)(2) (providing that a claim presented in a second § 2254 petition that was not presented in an earlier habeas petition must be dismissed unless the petitioner can show either (1) that the new claim relies on a new and retroactive rule of constitutional law determined by the United States Supreme Court, or (2) that the factual basis for the claim could not have been discovered earlier and that the facts establish the petitioner's innocence by clear and convincing evidence). On the other hand, if this case is stayed, Petitioner could seek to amend his petition following the conclusion of the post-conviction proceeding to add any new claims arising from that proceeding.

However, given that there is ample time remaining on Petitioner's one-year clock, no stay

7

is necessary. *See Johnson v. Dingle*, Civ. No. 07-4793 (RHK-JJG) (R&R at 4, July 3, 2008) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005) and noting that stays are within a court's discretion and available only in narrow circumstances). Petitioner's one-year period in which to seek habeas review is currently set to expire on January 1, 2010. He has more than enough time to file his post-conviction petition in state court, receive a final adjudication on those issues, and then file a single habeas petition with fully exhausted claims in federal court. This course is preferable to staying this case for what could be several years while Petitioner pursues his new claims through the state courts. Therefore, the Court recommends that the petition be dismissed without prejudice to Petitioner's right to file a new habeas petition after exhausting his post-conviction remedies in state court.

In recommending this disposition, the Court also issues a few words of caution to Petitioner. First, Petitioner should be aware that the one-year statute of limitations has not been tolled while his federal habeas petition is pending. *See Akins v. Kenney*, 410 F.3d 451, 456 (8th Cir. 2005) (citation omitted). It is running even now, and it will continue to run until Petitioner files his post-conviction motion in state court, *see* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review"). Second, the filing of the post-conviction motion will only toll—but not restart—the one-year limitations period. *See Dickson v. Minnesota*, Civ. No. 07-2189 (RHK/JSM), 2008 WL 2788054, at *5 n.3 (D. Minn. July 15, 2008); *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001).

More than five months remain on Petitioner's one-year clock. As long as Petitioner acts diligently in pursuing his post-conviction remedies and filing a new habeas petition upon completion of those proceedings, if necessary, he will not risk violating AEDPA's one-year

statute of limitations.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's request for a stay (Doc. No. 16) be **DENIED**, but that this case be **DISMISSED WITHOUT PREJUDICE** so that Petitioner can pursue his post-conviction remedies in state court.

Dated this 10th day of July, 2009.

s/ *Jeanne J. Graham*

JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 24, 2009**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.